UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

|  |  |
|---|---|
| LOUIS L. LIGON III,<br><br>Plaintiff,<br><br>v.<br><br>META PLATFORMS INC.,<br><br>Defendant. | Case No.  25-cv-03959-RMI<br><br>**ORDER DENYING LEAVE TO APPEAL IN FORMA PAUPERIS**<br><br>Re: Dkt. No. 68 |

Plaintiff has filed a Notice of Appeal (dkt. 69) and a Motion for Leave to Appeal In Forma Pauperis (dkt. 68). No prior motions to proceed in forma pauperis have been filed in this action. For the following reasons, the Motion is DENIED.

A party to a district court action seeking to appeal in forma pauperis must file a motion to that effect with the district court. Fed. R. App. P. 24(a). The motion must demonstrate that the applicant cannot pay court costs and still be able to afford the necessities of life for themselves and their dependents. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948). In addition, an appeal cannot be made in forma pauperis if the district court certifies that the appeal is in bad faith. *Kelly v. Johnston*, 23 F. Supp. 212, 212–13 (N.D. Cal.), *aff'd*, 99 F.2d 582 (9th Cir. 1938). "Bad faith" means the appeal is frivolous because it has no basis in law. *Carter v. USDA*, No. 19-CV-03096-NC, 2020 WL 14025995, at *1 (N.D. Cal. Jan. 6, 2020); *O'Loughlin v. Doe*, 920 F.2d 614, 617 (9th Cir. 1990). If any portion of the appeal is nonfrivolous, the entire appeal must be allowed to proceed in forma pauperis if the other requirements are met. *Hooker v. Am. Airlines*, 302 F.3d 1091, 1092 (9th Cir. 2002). If the district court denies the motion but does not certify that the appeal is in bad faith, the applicant can file another application to proceed in forma

United States District Court
Northern District of California

pauperis with the court of appeals. Fed. R. App. P. 24(a)(5).

Plaintiff did not submit the correct form or a proper affidavit and did not include the issues he intends to appeal in his Motion as required by the Rules. Fed. R. App. P. 24(a)(1). However, reviewing the information submitted with the Motion along with the separately filed Notice of Appeal, the court finds that Plaintiff has not met his burden under the Federal Rules to show that he is entitled to proceed in forma pauperis. First, it is not clear from the submission that he cannot afford the "necessities of life" if he pays the filing fee, and it is not clear what has changed his ability to pay court fees since the beginning of this lawsuit.

Second, Plaintiff's Notice of Appeal states that he intends to appeal "the final judgment of dismissal and all rulings adverse to Plaintiff contained in the April 28, 2026 Order, including but not limited to the application of Section 230(c)(1), the determination regarding state action, the dismissal of each of the eight causes of action, and the partial denial of leave to amend." (Dkt. 69.) It is difficult to determine from this statement whether Plaintiff intends to present any non-frivolous argument upon appeal. At least some of these arguments, if not most of them, are frivolous, especially given that the appeal will proceed with only the facts as alleged in the FAC. For example, it is settled law that 42 U.S.C. § 1981 prohibits only racial discrimination in the making and enforcement of contracts, *see Shah v. Mt. Zion Hosp. & Med. Ctr.*, 642 F.2d 268, 272 (9th Cir. 1981), and Plaintiff alleged zero facts suggesting that Defendant discriminated against him based on his race or suggesting that he could amend to cure this deficiency. An appeal of this claim is frivolous. Many of the other issues are also frivolous, particularly given that no substantive arguments on appeal have been identified and many of Plaintiff's arguments to this court were incorrect as a matter of law. For these reasons,[1] Plaintiff has not met his burden and his

---

[1] Additionally, Plaintiff failed to follow proper procedure. Thirty minutes before this court entered judgment in this case, Plaintiff filed a request for this court to enter judgment based on Plaintiff's own failure to amend by the deadline set in the Order. Three minutes before the court entered judgment, Plaintiff filed a Notice of Appeal. The court then entered judgment based on Plaintiff's failure to file anything in response to the April Order and without seeing the filings made in the thirty minutes before the judgment was filed. Plaintiff should have filed a written notice of intent not to file an amended complaint with this court; his statement in the Notice of Appeal that the Order on the motion to dismiss "became the final judgment dismissing this action in its entirety upon the expiration of the thirty-day period to file an amended complaint" is contrary to established Ninth Circuit law. *WMX Techs., Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) ("We now specifically rule that a plaintiff, who has been given leave to amend, may not file a notice of appeal simply

Motion to Appeal In Forma Pauperis is **DENIED**. However, some of the issues appealed are not frivolous,[2] so the court does not certify that the appeal is made in bad faith, and Plaintiff may reapply to the Ninth Circuit Court of Appeals for in forma pauperis status.

**IT IS SO ORDERED.**

Dated: June 26, 2026

ROBERT M. ILLMAN
United States Magistrate Judge

United States District Court
Northern District of California

---

because he does not choose to file an amended complaint. A further district court determination must be obtained."). However, because his Notice of Appeal is defective, this court still had jurisdiction to enter final judgment and the Notice of Appeal may be construed by the court of appeals as directed towards the appealable order instead of the non-appealable order. *See Ruby v. Sec'y of U. S. Navy*, 365 F.2d 385, 388–89 (9th Cir. 1966). Moreover, Plaintiff's failure to use the correct filing event meant that the appeal notice was not processed until he refiled under the correct event a few days later. (Dkt. 71.) Plaintiff's failure to proceed properly with his appeal is thus harmless.

[2] For a few examples, there is disagreement among district courts in this circuit as to whether Section 230(c)(1) applies to constitutional claims, *compare Fed. Agency of News LLC v. Facebook, Inc.*, 432 F. Supp. 3d 1107, 1118 (N.D. Cal. 2020) ("[T]he Ninth Circuit has not interpreted Section 230 to grant immunity for causes of action alleging constitutional violations"), *with Lewis v. Google LLC*, 461 F. Supp. 3d 938, 955 (N.D. Cal. 2020) (barring First Amendment claim under Section 230(c)(1)), *aff'd on other grounds,* 851 F. App'x 723 (9th Cir. 2021); there is similar disagreement as to when Section 230(c)(1) bars contract claims, (Order, Dkt. 66, at 16 n.6); and the Ninth Circuit has yet to rule on whether political groups are protected classes under Section 1985(3), (Order, Dkt. 66, at 25 n.11). Appealing these issues is not frivolous. Whether the court of appeals will reach these issues upon this appeal is not clear, but also not apparently relevant to whether the appeal may be considered to be in good faith.

3